IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EMPIRE INDEMNITY INSURANCE COMPANY RISK RETENTION GROUP, INC., | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:24-CV-349-RP |
| CASSIE BROWN, *in her capacity as Commissioner of the Texas Department of Insurance*, | § § § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Cassie Brown, in her capacity as Commissioner of the Texas Department of Insurance's ("TDI") Motion to Dismiss. (Dkt. 8). Plaintiff Empire Indemnity Insurance Company Risk Retention Group, Inc. ("Empire") filed a response, (Dkt. 13), TDI filed a reply, (Dkt. 14), and Empire filed a motion to strike the reply or, alternatively, for leave to file a sur-reply. (Dkt. 17). Having considered the parties' submissions, the record, and the applicable law, the Court will grant the motion grant the motion to dismiss and dismiss as moot the motion to strike.

## I. BACKGROUND

This case arises out of TDI's pending administrative challenge against Empire, a licensed risk retention group. (Compl., Dkt. 1, at 2–6). Under Texas and federal law, risk retention groups are authorized only to sell liability insurance. *See* Tex. Ins. Code chs. 40, 82, 101, and 2201; 15 U.S.C. § 3905(b). TDI is the state agency in charge of enforcing the Texas Insurance Code. *See* Tex. Ins. Code § 31.021. TDI contends that Empire has been selling property insurance policies in Texas, even though they are only authorized to sell liability insurance. (Mot. Dismiss, Dkt. 8, at 2).

On March 5, 2024, TDI initiated an enforcement action against Empire, seeking a cease-and-desist order to prevent Empire from doing business in Texas. (Compl., Dkt. 1, at 8). The action was

1

referred to the Texas State Office of Administrative Hearings ("SOAH"), which has set a hearing

for September 25, 2024. (*Id.*).

On April 5, 2024, Empire argued to SOAH that the office lacked jurisdiction over the

enforcement action because SOAH is not a "court of competent jurisdiction" for purposes of the

Liability Risk Retention Act ("LRRA"). (Mot. Dismiss, Dkt. 8, at 5). SOAH issued an order on April

12 denying Empire's plea and finding that the office has jurisdiction to hear the dispute. (*Id.*); *see also*

State Office of Admin. Hearings, *Tex. Dep't of Ins. v. Empire Indem. Ins. Co. Risk Retention Grp.*, Dkt.

No. 454-24-13131 (Order Denying Plea to the Jurisdiction and Motion to Abate filed Apr. 17, 2024).

The action remains set for disposition on September 25, 2024. (*See* Mot. Expedite, Dkt. 11, at 1–2

("[T]he September 25 final hearing date stands.")).

Empire filed suit in this Court on April 2, 2024. (Compl., Dkt. 1). It alleges that the LRRA

prohibits TDI from ceasing Empire's Texas operations. (*Id.*). Because the LRRA vests regulatory

authority with the chartering state, and Empire was chartered in Hawaii, Empire contends that

Texas cannot lawfully halt its ability to provide liability insurance without running afoul of federal

law. (*Id.*; *see also* Mot. Prelim. Inj., Dkt. 12, at 10–12 (describing merits of Empire's suit)). Empire

also argues that TDI's enforcement action constitutes unlawful discrimination in violation of the

LRRA, (Mot. Prelim. Inj., Dkt. 12, at 15), and that SOAH and TDI are not "court[s] of competent

jurisdiction" as required by the LRRA to issue regulatory relief. (*Id.* at 17). Along with its complaint,

Empire has filed a motion for a preliminary injunction, seeking to enjoin TDI from prosecuting the

case against Empire before SOAH's September hearing. (*See id.* at 23).

TDI moved to dismiss the case on April 24, 2024. (Mot. Dismiss, Dkt. 8). It alleges (1) that

Empire's claims for damages and retrospective relief are barred the Eleventh Amendment; (2) that

Empire lacks standing to seek equitable relief, and (3) Empire's claims are not ripe. (*See id.*). In its

reply, TDI adds a new defense, arguing that the Court should refrain from deciding the case under

the doctrine of *Younger* abstention. (Reply, Dkt. 14). Empire moves to strike the *Younger* abstention

argument, noting that it was raised for the first time in its reply brief. (Mot. Strike, Dkt. 17).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter

jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited

jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and

federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court

properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or

constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on

the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."

*Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the

complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the

complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d

548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts

'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina

Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area

Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a

complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Here, the Court's analysis begins and ends with the finding that Empire's claims are not ripe or sufficiently concrete for adjudication. "The standing question . . . bears close affinity to [the] question of ripeness—whether the harm asserted has matured sufficiently to warrant judicial

intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975). Ripeness is "a constitutional

prerequisite to the exercise of jurisdiction," and it may be raised at any time by a party or the court.

*Shields v. Norton*, 289 F. 3d 832, 835 (5th Cir. 2002). "[A] case is not ripe if further factual

development is required." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583,

586 (5th Cir. 1987) ("*NOPSI*"). Ripeness is a "doctrine designed 'to prevent the courts, through

avoidance of premature adjudication, from entangling themselves in abstract disagreements over

administrative policies . . . until an administrative decision has been formalized and its effects felt in

a concrete way by the challenging parties.'" *Nat'l Park Hosp. Ass'n v. Dept't of Interior*, 538 U.S. 803,

807–08 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967)).

Empire's challenge to SOAH's administrative proceeding is not ripe because the hearing has

not yet taken place and no cease-and-desist order has been issued. The only action which SOAH has

taken thus far is to deny Empire's plea to jurisdiction. *See* State Office of Admin. Hearings, *Tex.*

*Dep't of Ins. v. Empire Indem. Ins. Co. Risk Retention Grp., Inc.*, Docket No. 454-24-13131, (Order

Denying Plea to the Jurisdiction and Motion to Abate, Apr. 17, 2024). SOAH has taken no other

actions to enforce an order against Empire nor has it reached a decision on the merits. Because the

administrative proceeding is ongoing[1] and the outcome remains uncertain, the challenge is unripe.

In response, Empire contends that the case is ripe because no further factual development is

needed to determine its claims in this case. (Resp., Dkt. 23, at 10); *see also NOPSI*, 833 F.2d at 586

("[A] case is not ripe if further factual development is required."). The key fact to be developed,

however, is whether SOAH will rule in favor of TDI or Empire in the September hearing. While it is

possible that SOAH will side with TDI and issue a cease-and-desist order, it is also possible that

---

[1] TDI characterizes the proceeding as in its "infancy," which Empire disputes, characterizing the action as in an intermediate stage. (*See* Mot. Dismiss, Dkt. 8, at 11; Resp., Dkt. 13, at 9–10). For the purposes of the ripeness analysis, what matters is whether the administrative proceeding has concluded or the outcome is known and certainly impending, not whether the proceeding is in its early or intermediate stages.

SOAH will reject TDI's enforcement action and decline to issue any cease-and-desist proposal. If

SOAH sides with Empire, then this Court will have no Article III jurisdiction, because Empire will

have suffered no concrete injury. The conclusion of the administrative proceeding is a necessary

factual development for the claim to ripen. *See United Transp. Union v. Forster*, 205 F.3d 851, 857 (5th

Cir. 2000) (noting that ripeness "separates those matters that are premature because the injury is

speculative and may never occur from those that are appropriate for judicial review.").

Empire next suggests that the Court can hear its suit under the Supreme Court's pre-

enforcement challenge doctrine. (Resp., Dkt. 23, at 10 (citing *Susan B. Anthony List v. Driehaus*, 573

U.S. 149, 163 (2014); *Pacific Gas and Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S.

190, 201 (1983))). However, a pre-enforcement challenge is appropriate where the threat of

enforcement results in an ongoing chill, often occurring in the context of a newly enacted statute or

regulation. *See Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979) (pre-enforcement challenge requires

"an intention to engage in a course of conduct arguably affected with a constitutional interest, but

proscribed by a statute, and there exists a credible threat of prosecution thereunder"); *Susan B.

Anthony List*, 573 U.S. at 166 ("The burdensome Commission proceedings here are backed by the

additional threat of criminal prosecution. We conclude that the combination of those two threats

suffices to create an Article III injury under the circumstances of this case."). That is not the case

here, where the administrative proceeding will at most result in a cease-and-desist order.[2] During the

pendency of the proceeding, Empire may continue to offer insurance in Texas. The prospect of a

cease-and-desist order does not chill Empire from offering insurance *prior* to the issuance of any

cease-and-desist order.

---

[2] Put another way, a cease-and-desist order is the kind of threat of enforcement that would suffice for a pre-enforcement injury, because the order would chill a person from engaging in their desired conduct. That is not the case here, where TDI has not yet obtained a cease-and-desist order. TDI's mere request to obtain such an order only shows the *possibility* of a threat and is unripe for Article III standing.

The Fifth Circuit addressed a similar issue in *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710 (5th Cir. 2012). There, a group of health clinics sued to enjoin a newly enacted Louisiana law that would allow state officials to deny a license to clinics for violating state health regulations. *Id.* at 712. The plaintiffs argued that the law "satisfies the hardship prong because the process for challenging an immediate suspension might render it insolvent before its appeal can be heard." *Id.* at 717. However, the Fifth Circuit rejected that argument, noting that "[i]f, in the future, the Secretary issues an immediate suspension of [plaintiff's] license based on a determination that [plaintiff] is in violation of the law . . . [plaintiff] may challenge [the act's] constitutionality, . . . and would be free to seek a preliminary injunction based on its constitutional claims . . . ." *Id.* Accordingly, the circuit court found that the claims "should be dismissed for lack of ripeness." *Id.* at 718.

Empire's claims are comparable. In the event that SOAH decides to issue a proposal for a cease-and-desist order that TDI then intends to enforce, Empire may seek emergency injunctive relief in this Court. *See* Tex. Gov't Code § 2003.051 ("[A] state agency that has referred a matter to [SOAH] in which [SOAH] will conduct a hearing may not take any adjudicative action relating to the matter until the office has issued its proposal for decision or otherwise concluded its involvement in the matter."). Until such a proposed cease-and-desist order is actually or substantially certain to be issued, however, the claim is unripe.

For the same reasons, Empire's claim is insufficiently concrete to vest this Court with jurisdiction. Empire's alleged injury—the issuance of a cease-and-desist order—is contingent upon SOAH's administrative proceedings and TDI's enforcement decision regarding any possible cease-and-desist order. "Federal courts consistently deny standing when claimed anticipated injury has not been shown to be more than uncertain potentiality." *Prestage Farms, Inc. v. Bd. of Sup'rs of Noxubee Cnty., Miss.*, 205 F.3d 265, 268 (5th Cir. 2000) (citing *Amer. Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mut. Casualty Ins.*, 280 F.2d 453, 461 (5th Cir. 1960)). Here, Empire's injury

will not actually occur until SOAH (1) concludes its proceedings and issues a proposal that is (2)

unfavorable to Empire and (3) enforced by TDI. Empire offers no evidence to indicate that SOAH

is certain to rule against the company, meaning that its injury remains an "uncertain potentiality." *Id.*;

*see also Whitmore v. Arkansas*, 495 U.S. 149, 159 (1990) ("It is just not possible for a litigant to prove in

advance that the judicial system will lead to any particular result in his case."). Until SOAH issues a

proposal that TDI intends to enforce, Empire's injury is not "certainly impending." *Prestage Farms*,

205 F. 3d at 268. Accordingly, Empire's claims are not ripe or sufficiently concrete for adjudication,

and the Court will grant TDI's motion to dismiss on these grounds.

## IV. CONCLUSION

**IT IS ORDERED** that Empire's Motion to Strike, or, in the Alternative, for Leave to file a

Sur-Reply, (Dkt. 17), is **DISMISSED AS MOOT**.[3]

**IT IS FURTHER ORDERED** that TDI's Motion to Dismiss, (Dkt. 8), is **GRANTED**.

Empire's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment via separate order.

**SIGNED** on June 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[3] In its reply, TDI argues for the first time that the Court should abstain under *Younger*. (Reply, Dkt. 14 (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971))). Although Empire's sur-reply is responsive to that novel argument, the Court ultimately does not reach the *Younger* question, rendering the motion moot.